OPINION JUDGMENT ENTRY
{¶ 1} Logan Nicole Talkington was born to appellee, Angela Welling, and Shawn Talkington on June 5, 2000. Appellee and Mr. Talkington were never married. On November 24, 2001, Mr. Talkington was killed in an automobile accident.
 {¶ 2} On August 20, 2002, appellants, Mr. Talkington's parents, Randall and Lisa Talkington, petitioned the trial court for court ordered companionship with their granddaughter. On November 14, 2002, appellee filed a motion to dismiss. A hearing before a magistrate was held on March 13, 2003. By decision filed April 3, 2003, the magistrate recommended the dismissal of appellants' petition. Appellants filed objections. By judgment entry filed June 16, 2003, the trial court denied the objections and adopted the magistrate's decision on June 16, 2003.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The fifth district court of appeals' decision in Eppsv. Epps is binding upon the stark county court of common pleas, juvenile division; thus, the trial court erred as a matter of law in declining to apply R.C. § 3109.051 to the facts of the case."
 I {¶ 5} Appellants claim the trial court erred in failing to follow the dictates of Epps v. Epps (August 9, 2001), Ashland App. No. 01COA0143, and apply R.C. 3109.051 to the case sub judice. We agree the trial court erred in dismissing the petition.
 {¶ 6} In Epps, this court found R.C. 3109.051 to be constitutional and not in violation of the United States Supreme Court's ruling in Troxel v. Granville (2000), 530 U.S. 57:
 {¶ 7} "Unlike the Washington statute in Troxel, R.C.3109.051 is more narrowly drawn. Reasonable grandparent visitation may be ordered only upon a disruptive, precipitating event; herein, divorce. * * * Pursuant to R.C. 3109.051(B), `the court may grant reasonable companionship or visitation rights to any grandparent * * * if all of the following apply:(a) [t]he grandparent * * * files a motion with the court seeking companionship or visitation rights; (b) [t]he court determines that the grandparent, relative, or other person has an interest in the welfare of the child; (c) [t]he court determines that the granting of the companionship or visitation rights is in the best interest of the child'. * * * In determining whether a child's best interest would be served by facilitating visitation with the grandparents, a trial court must consider the factors enumerated in R.C. 3109.051(D). We conclude R.C. 3109.051 is significantly different from the Washington statute reviewed in Troxel and is not unconstitutional under the analysis established in Troxel." (Emphasis sic) (Footnotes omitted).
 {¶ 8} While acknowledging Epps, the trial court went further and required a finding that the child be "delinquent, neglected, or abused or that a parent was unfit" before the state may "exercise its interest in the welfare and safety of a child and interfere in the care, custody, and control of a child and decide what is in the child's best interest concerning companionship with a non-parent petitioner." See, April 3, 2003 Judgment Entry at Conclusions of Law No. 8.
 {¶ 9} For the following reasons, we find the trial court misinterpreted the Ohio statutes and Troxel.
 {¶ 10} The applicable statute sub judice is R.C. 3109.11
which provides as follows:
 {¶ 11} "If either the father or mother of an unmarried minor child is deceased, the court of common pleas of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child. In determining whether to grant any person reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code."
 {¶ 12} The factors as set forth in R.C. 3109.051(D) are as follows:
 {¶ 13} "(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
 {¶ 14} "(2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;
 {¶ 15} "(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
 {¶ 16} "(4) The age of the child;
 {¶ 17} "(5) The child's adjustment to home, school, and community;
 {¶ 18} "(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(7) The health and safety of the child;
 {¶ 20} "(8) The amount of time that will be available for the child to spend with siblings;
 {¶ 21} "(9) The mental and physical health of all parties;
 {¶ 22} "(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;
 {¶ 23} "(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 24} "(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25
of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 25} "(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 26} "(14) Whether either parent has established a residence or is planning to establish a residence outside this state;
 {¶ 27} "(15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;
 {¶ 28} "(16) Any other factor in the best interest of the child."
 {¶ 29} None of these enumerated factors require a finding that the child be delinquent, neglected or abused. The statute specifically includes as factors to be considered the wishes and concerns of the child's parents and the best interests of the child.
 {¶ 30} Using the Troxel analysis, the statute provides for that "special weight" of the child's parents to make the decisions on the care, custody and control of the child.
 {¶ 31} Upon review, we conclude R.C. 3109.11 does not violate the dicta of Troxel because the statute provides for the wishes of the parents to be considered as well as the best interests of the child. We find the trial court erred in dismissing the petition without first engaging in the prescribed analysis of R.C. 3109.11 and R.C. 3109.051(D) factors.
 {¶ 32} The sole assignment of error is granted.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby reversed.
By Farmer, P.J. and Boggins, J. concur.
Edwards, J. dissents.